**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles T. DUNSON, Defendant– Appellant.**

**No. 08–1691.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 18, 2009.

Decided April 30, 2010.

Bradley P. Shepard (submitted), Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Daniel T. Hansmeier (submitted), Office of the Federal Public Defender, Springfield, IL, Richard H. Parsons (submitted), Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before BAUER, RIPPLE and KANNE, Circuit Judges.

PER CURIAM.

Charles Dunson pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). The district court, over Dunson's objection, set a base offense level of 24 on the assumption that his prior Indiana conviction for fleeing a police officer in a vehicle, *see* Ind.Code § 35–44–3–3(a)(3), (b)(1)(A), is a conviction for a "crime of violence," *see* U.S.S.G. §§ 2K2.1(a)(2) & cmt. n.1, 4B1.2(a). The court sentenced Dunson to 110 months' imprisonment, below the Guidelines range. Dunson now appeals.

Shortly after Dunson filed this appeal, we held in *United States v. Spells*, 537 F.3d 743, 752 (7th Cir.2008), that the Indiana crime at issue is a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e)(1), (2)(B)(ii). "Taking flight calls the officer to give chase," we reasoned, and "dares the officer to needlessly endanger himself in pursuit." *Spells*, 537 F.3d at 752. Our decision was informed by *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), and is not undermined by the Supreme Court's most recent application of *Begay*, *see Chambers v. United States*, — U.S. —, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009) (holding that passively failing to report for service of a criminal sentence is not a "violent felony").

The defendant in *United States v. Sykes*, 598 F.3d 334 (7th Cir.2010), asked us to overrule *Spells* in light of the Eleventh Circuit's conclusion in *United States v. Harrison*, 558 F.3d 1280 (11th Cir.2009), that fleeing from police in a vehicle is *not* a

violent felony under the ACCA. We reexamined our approach but concluded that it was "neither unworkable nor unsound." *Id.* at 338. Someone who violates § 35–44–3–3(b)(1)(A), we explained, makes a "purposeful decision to do something that is inherently likely to lead to violent confrontation," even though the statute does not "*require* that an offender actually endanger others through his flight." *Id.* at 336–37.

Although Dunson was not sentenced as an armed career criminal, we interpret "violent felony" as used in § 2K2.1 the same way as "crime of violence" in § 924(e). *See, e.g., United States v. Templeton,* 543 F.3d 378, 380 (7th Cir.2008). So *Spells* and *Sykes* are squarely on point, and the district court properly classified Dunson's prior conviction for fleeing a police officer in a vehicle as a crime of violence.

AFFIRMED.